IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER, individually and
as assignee of the Successor Trustee of the Legal
Defense and Maintenance Trust of California,
A Citizen of California; and as an Express
Third Party Beneficiary of the Legal Defense and
Maintenance Trust of California; the
Successor in Interest to all the Claims, Assets,
Rights and Causes of Action Herein Asserted on
Behalf of Santa Fe Business Park LLC,
Summit Floormart LLC, Summit Valdes Business
Park LLC, Summit Investment Company LLC,
Summit Business Center LLC, El Llano Summit
Caja Del Rio LLC, and Jeffrey W. Patter,

        Plaintiffs,

v.                                                                                                                                                                                                                                                No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; JOHN PATTERSON; ROBERT
ENGEL; VERN BOWERS; SONNY OTERO DBA
OTERO CONSTRUCTION COMPANY; PHASE
ONE REALTY; ERNEST ("ERNIE ROMERO");
W. JAMES METHANY; AND SARCO
CONSTRUCTION COMPANY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Motion on Behalf of Sonny Otero to Dismiss the Complaint, filed January 23, 2007 (Doc. 33). The Court held a hearing on the motion on September 25, 2007. The primary issues are: (i) whether the Court should dismiss Count 5 for Breach of Fiduciary Duty for failure to allege that Defendant Sonny Otero owed Friedlander or his assignors a fiduciary duty; (ii) whether the Court should dismiss Count 6 for Unfair Trade Practices

for failure to allege that Otero provided services to Potter or to Summit, Friedlander's assignors; and (iii) whether the Court should dismiss Count 11 for Intentional Interference for failure to allege that Otero had the element of knowledge of a contract or prospective contract concerning Potter. Because Friedlander did not file any written response to Otero's motion, because under the Court's local rules Friedlander is deemed to have consented to the motion, because Friedlander did not offer any opposition at the hearing, and because the Court has independently reviewed the motion and determined that it has merit, the Court will grant the motion and dismiss the Complaint against Otero without prejudice to Friedlander filing an amended pleading against Otero within twenty days of the entry of this order.

## ANALYSIS

Because Friedlander did not file a written opposition to Otero's motion to dismiss, he is deemed to have consented to the Court granting the motion. Moreover, Friedlander did not offer any arguments in opposition at the hearing. Nevertheless, because Friedlander is proceeding pro se, and because he is prosecuting against many parties and their able counsel, the Court has independently reviewed the merits of the motion to see if it should be granted.

### 1.     Friedlander Has Consented to Otero's Motion.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). "A response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.6(a). Friedlander has not filed a written opposition -- timely or otherwise -- to Otero's motion, and therefore has consented to the Court granting Otero's motion. Also, at the hearing, in regards to his failure to respond, Friedlander conceded that he must have "overlooked" the motion to dismiss. Transcript of Hearing at 107:9-10 (taken Sept. 25,

2007)(Friedlander)("Tr.").[1]  Rather than argue the merits of the motion, Friedlander requested that the Court allow him to amend his complaint to set forth a more definite statement. See Tr. 107:15-20 (Friedlander)..

Because Friedlander is proceeding pro se, the Court has independently reviewed the Complaint, regardless of Friedlander's failure to respond, to determine whether the motion is meritorious.  Furthermore, the Court will allow Friedlander to amend his pleading against Otero within twenty days of the entry of this order.

### 2.    Count 5: Breach of Fiduciary Duty.

While the heading of the "Count" is labeled "All Defendants," Otero is not mentioned in the four paragraphs supporting this claim. See Complaint ¶¶ 44-47 at, 45-46, filed Nov. 29, 2006 (Doc. 1)("Complaint"). There are no factual allegations to the effect that Potter or his company established a confidential or fiduciary relation by placing trust and confidence in the loyalty of Otero to them. Rather, the allegations are that Otero's interests were his own and that he engaged in conduct on behalf of his interest, and not on behalf of Potter's interests.

Whether a fiduciary relationship exists is a question of law.  See Moody v. Stribling, 1999-NMCA-094, ¶ 17,  985 P.2d 1210, 1216.  As a matter of law, the Court cannot, from the allegations in the Complaint, conclude that Otero owed Potter, or his companies, a fiduciary duty.  Because the Complaint does not sufficiently allege a fiduciary duty, the Court concludes that the allegations in Count 5 fail to state a claim for breach of fiduciary duty against Otero.

### 3.    Count 6: Unfair Trade Practices.

This claim is also alleged to be against "All Defendants."  Complaint, at 45.  Paragraph 49

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers

contains a conclusory allegation that "Defendants engaged in the sales of services in the regular course of business to Summit." Id. at 47. The Complaint states that neither the services nor the supposed regular course of business of any Defendant, including Otero.

It appears that Friedlander seeks in this Count to allege a claim against attorneys who had some role in providing legal services regarding Potter's company, Summit Investment. The allegations in the Complaint against Otero appear to negate that he had any involvement in the provision of these services. Friedlander does not appear to have alleged in his lengthy Complaint that Otero provided services to Potter or to Summit.

"The relevant elements for a claim under this act are (1) a false or misleading representation, (2) knowingly made (3) in connection with the sale of goods or services; (4) in the regular course of trade or commerce, (5) which may, tends to, or does deceive or mislead any person." Thompson v. Youart, 109 N.M. 572, 576, 787 P.2d 1255, 1259 (1990). See Taylor v. United Mgmt. Inc., 51 F.Supp.2d 1212, 1216 (D.N.M. 1999). After reviewing the Complaint, the Court does not see where Friedlander alleges that Otero provided services to Potter or to Summit. All of the essential elements to establish a claim of violation of the New Mexico Unfair Practices Act appear to be absent from the allegations against Otero. Because there is not an allegation that Otero provided services to Potter or to Summit, the Court will dismiss the Unfair Trade Practices claim against him.

    **4.** **Count 11: Intentional Interference.**

In addition to the allegations of paragraph 10, this claim alleges at paragraph 79 that Otero conspired with Cook and the Receiver to purchase some real estate property of the Santa Fe Business Park Company "for less than market value, and less than two years later he flipped the property to the State of NM [for a profit]." Complaint, at 52. There is no allegation that Otero meets the element of knowledge of a contract, or prospective contract, concerning Potter. The

allegations mention an Exclusive Listing Agreement that Summit held and that evidently entitled Summit to a commission on the sale of real estate, but the Complaint does not allege that Otero had any part in payment or non-payment of a commission. With respect to a contract, or prospect of which he had no knowledge, there is no allegation that Otero acted either solely to harm Potter or that Otero used improper means by his purchase.

According to Friedlander's allegations, Otero bought certain real estate from the court-appointed receiver. That Cook may have caused or allowed the companies owning the business park property to fall into receivership and be sold is not charged to the doing of Otero. As established by Friedlander's allegations, that Otero allegedly was able to buy the property at a favorable price was the motive for his purchase. Indulging in a generous reading of the Complaint, the allegations do not identify a contract or prospective contract known to Otero; do not allege that Otero interfered with the listing agreement; that Otero bought the property out of a motive to solely harm Potter; or that he bought it by the use of improper means.

### 5.  **Leave to Amend.**

At the hearing, Friedlander requested that the motion to dismiss be treated as a motion for a more definite statement and sought leave to amend. See Tr. at 107:15-20 (Friedlander). While the Court will not unilaterally convert Otero's motion to dismiss into a motion that Otero did not file, the Court will consider Friedlander's request for leave to amend.

Given that Friedlander did not file any written opposition, and given the amount of material that he had to grapple with to prepare for the hearing against all the Defendants, it makes sense to allow him some opportunity to review his case, if any, against Otero, and decide whether he wishes to try to keep Otero in the case and, if so, on what claim or claims. The Court is most concerned about the intentional interference claim, because it may be that, with amendment, Friedlander may

be able to state such a cause of action.  On the other hand, Otero has been in the case for many months awaiting this ruling, and Friedlander needs to give his case against Otero his specific attention.

The Court grants Friedlander leave to amend his Complaint against Otero.  Friedlander must file an amended pleading against Otero within twenty days of the entry of this order or Otero will be deemed to have been dismissed and dropped from this case.

**IT IS ORDERED** that the Motion on Behalf of Sonny Otero to Dismiss the Complaint is granted.  The Plaintiff is granted leave to amend his Complaint against Defendant Sonny Otero within twenty days of the date of the entry of this order.  If the Plaintiff does not file an amended pleading against Otero within that time, Otero will be deemed to have been dropped and dismissed from this case.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Parties and Counsel:

Martin S. Friedlander
Los Angeles, California

> *Plaintiff Pro Se*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Richard P. Cook,*
> *Sarco Construction Company, and*
> *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

>*Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendants Comeau, Maldegen,*
>*Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office ▲ Briggs F. Cheney
Albuquerque, New Mexico

>*Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

>*Attorney for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar III
Aldridge, Grammar, Jeffrey & Hammer, P.A.
Albuquerque, New Mexico

>*Attorneys for Defendants Phase One Realty, Inc.,*
>*Ernest "Ernie" Romero, and W. James Metheny*