IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER, individually and
as assignee of the Successor Trustee of the Legal
Defense and Maintenance Trust of California,
A Citizen of California; and as an Express
Third Party Beneficiary of the Legal Defense and
Maintenance Trust of California; the
Successor in Interest to all the Claims, Assets,
Rights and Causes of Action Herein Asserted on
Behalf of Santa Fe Business Park LLC,
Summit Floormart LLC, Summit Valdes Business
Park LLC, Summit Investment Company LLC,
Summit Business Center LLC, El Llano Summit
Caja Del Rio LLC, and Jeffrey W. Patter,

      Plaintiffs,

v.  No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; JOHN PATTERSON; ROBERT
ENGEL; VERN BOWERS; SONNY OTERO DBA
OTERO CONSTRUCTION COMPANY; PHASE
ONE REALTY; ERNEST ("ERNIE ROMERO");
W. JAMES METHANY; AND SARCO
CONSTRUCTION COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion by Defendants Phase One Realty, Inc., Ernest ("Ernie") Romero, and W. James Metheny to Dismiss, or in the Alternative, for a Stay of Proceedings or for Abstention, filed January 4, 2007 (Doc. 13). The Court held a hearing on this motion on September 25, 2007. The primary issues are: (i) whether the Court should convert the motion to dismiss to a motion for summary judgment; (ii) whether the Court should dismiss the case

under the Rooker-Feldman doctrine; (iii) whether the Court should dismiss the claims against these three Defendants because they are immune as a Receiver of the state court; (iv) whether the court should dismiss any of the counts for failure to state causes of action for which the Court can grant relief; and (v) whether the Court should stay this case pending resolution of some matters in the bankruptcy court.  For the reasons stated at the hearing, and for reasons stated herein, the Court grants the motion in part and denies it in part.  The Court will not convert the motion to dismiss to a motion for summary judgment.  The Court will also not dismiss or abstain because of the pending state case.  All claims for the time and actions of these three Defendants while they were acting as Receiver, or as employees and agents of the Receiver, are dismissed with prejudice; all claims for actions of the moving Defendants before they were appointed as Receiver are left in the case.  The Court will dismiss Count 11 without prejudice to Friedlander amending Count 11 against these Defendants;  Friedlander must file any amended pleading against these three Defendants within twenty days of the date of entry of this order.  The Court will otherwise stay the case until November 26, 2007, at 1:30 p.m. pending resolution of some issues in the bankruptcy case.

## ANALYSIS

While the parties devote much of their effort to deciding whether these three Defendants' motion is a motion to dismiss or a motion for summary judgment, and whether the discovery is needed before the Court can appropriately rule on the motion, the Court will exercise its discretion not to convert the motion to dismiss into a motion for summary judgment, and will also not consider the two affidavits attached to the motion to dismiss in ruling on the motion to dismiss.  And because the Court believes that the Rooker-Feldman doctrine does not preclude it from considering the merits of the motion to dismiss, the Court will proceed to rule on the merits of the motion to dismiss. On the merits, the Court will dismiss certain claims and portions of all claims, and then stay the case

until November 26, 2007.

### 1.    **Conversion to a Motion for Summary Judgment.**

There has been no discovery in this case. The three moving Defendants have attached to their motion to dismiss two affidavits. To avoid converting the motion to dismiss into a motion for summary judgment, and then having to deal with Friedlander's demand for discovery, the Court will exercise its discretion not to convert this motion into one for summary judgment and will not consider the affidavits in its consideration of the motion to dismiss. The Court will, however, continue to consider the affidavits in its ruling on the motion's request for a stay or for abstention.

### 2.    **The Court Will Not Dismiss Under the Rooker-Feldman Doctrine.**

The Court concludes that Rooker-Feldman does not apply to bar consideration of the claims in this case. The rulings in the state court remain interlocutory rulings, because the state court has not yet entered a final judgment. Friedlander cannot appeal those rulings here, but he also cannot appeal them in state court yet either. Too many issues remain unresolved in state court for the federal court to conclude that the material orders constitute a final or appealable judgment or order under state law.

### 3.    **Judicial Immunity.**

The Court concludes that it has jurisdiction to decide the immunity issue. Judges and court officials are immune from suit for acts performed in their official capacities, even if they are accused of acting maliciously and corruptly. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-554 (1967). The courts that have considered the matter have held that a receiver is a court officer who shares the judge's immunity, at least in carrying out the orders of his or her appointing judge. See Kermit Constr. Corp. v. Banco Credito y Ahorro Ponceno, 547 F.2d 1, 3 (1st Cir. 1976). As the United States Court of Appeals for the Tenth Circuit stated in T & W Inv.

Co. v. Kurtz, 588 F.2d 801 (10th Cir. 1978):

> At the least, a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity. To deny him this immunity would seriously encroach on the judicial immunity already recognized by the Supreme Court. It would make the receiver a lightning rod for harassing litigation aimed at judicial orders. In addition to the unfairness of sparing the judge who gives an order while punishing the receiver who obeys it, a fear of bringing down litigation on the receiver might color a court's judgment in some cases; and if the court ignores the danger of harassing suits, tensions between receiver and judge seem inevitable. Other federal courts have reached a similar conclusion.

T & W Inv. Co. v. Kurtz, 588 F.2d at 802 (citations omitted).

While Friedlander's Complaint is not clear in all respects, and the Court has some questions about when certain events occurred, it appears that most of these three Defendants' work was work that came within the scope of their work as Receiver or as agents or employees of the Receiver. The Court has reviewed the alleged wrongdoing in the Complaint with care, and while there is an issue about whether some activities occurred before or after appointment, it appears that the three Defendants should receive judicial immunity for the time and actions that occurred after the Receiver's appointment. The Court will thus dismiss all claims against these three Defendants after the Receiver was appointed and while it served as Receiver.

The Court will, however, leave pending the claims for acts and omissions before the Receiver was appointed. Friedlander confirms that he is alleging as wrongful some actions before the appointment. In those activities, the three Defendants here appear to be more similar to private citizens, without judicial immunity.

This distinction between events that occurred before and after appointment, while based on judicial immunity, is also fair to Friedlander. Friedlander alleges that he and/or successors warned the defendants in the state case that they were acting inappropriately. Because there is no final judgment yet in the state case, there is the possibility that the state court may be persuaded to

reconsider its interlocutory orders if the Receiver acted inappropriately, and the final judgment, when entered, can be appealed.

### 4. **Motion to Dismiss.**

Two counts of Friedlander's Complaint appear to be insufficient on their face. Count 6 of Friedlander's Complaint is an Unfair Practices Act claim. Before hearing arguments on this motion to dismiss, the Court gave its inclination based upon its understanding of Friedlander's Complaint and the briefs on the motion. See Transcript of Hearing at 5:19-25, 6:1-25, 7:1-16 (taken Sept. 25, 2007)(Court)("Tr.").[1] The Court stated that, while it would hear whatever arguments the parties wanted to make on the motion, it was inclined to conclude that Friedlander had insufficiently pled this Count against these Defendants because he does not allege any false or misleading representations. See id. 7:5-9 Also, it does not appear that the services that the Receiver rendered were rendered to Friedlander or to his predecessors, but rather to the Receivership Estate. Friedlander's response does not address these arguments. Given these flaws, the Court was inclined to dismiss Count 6 against these Defendants.

After hearing the Court's inclination, Friedlander said he might agree with the Court's concerns about Count 6 and then looked at Count 6. See Tr. 35:7-9. Friedlander then asked if the Court could "dismiss that on my voluntary motion without prejudice?" Id. at 35:14-15. The moving Defendants did not object to dismissal of Count 6, and Count 6 was dismissed, without prejudice, because Friedlander has not taken any depositions and did not know for certain if he had any claims against these Defendants. Thus, Friedlander dismissed Court 6 without prejudice and the Court did not address the merits of that portion of the motion.

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

In Count 11, Friedlander alleges that these Defendants conspired to sell property of the Receivership Estate for less than market value and to deprive Friedlander's assignor of real estate commissions and management fees. But all that Friedlander alleges in paragraph 76 is that they were provided a copy of a listing agreement held by Summit Investment. In sum, Count 11 does not allege any wrongdoing by these three Defendants. The Court, therefore, will dismiss Count 11 without prejudice to Friedlander to amend Count 11 within twenty days of the date of the entry of the order.

Accordingly, the Court will grant the motion to dismiss in part and deny it in part

**5.     Stay.**

At first blush, there does not appear a sound reason to stay this case pending the bankruptcy proceedings. This case does not fit within the parameters of that case, the claims are not identical, and the parties are not the same. Furthermore, the Court is always cautious about exercising its discretion to decline to provide a federal forum where it has jurisdiction.

While it is not clear how Friedlander is involved in the Potter bankruptcy, the parties have explained that the bankruptcy court may decide whether Potter's claims wherever appropriately assigned to the California trust. Thus, the Bankruptcy Court's decision on that issue may have a great impact on this case. Like a wrongful death action, if the state selects another guardian or representative, it may bring the tort action pending in another court to a halt.

All parties agree that it is not in their best interests, or for the efficient operation of this Court, for the parties to begin discovery in this case without some clarity about whether Friedlander has standing to bring any of the claims in this case. On the other hand, Friedlander does not want to wait too long for some resolution of the bankruptcy issues and thus put his case on hold indefinitely. Accordingly, the Court will stay the case and will not issue the initial scheduling order

until at least November 26, 2007; the Court will set a telephone conference for that day to discuss with counsel the progress of the Bankruptcy Court proceedings and the desires of the parties for this case.

**IT IS ORDERED** that the Motion by Defendants Phase One Realty, Inc., Ernest ("Ernie") Romero and W. James Metheny to Dismiss, or in the Alternative, for a Stay of Proceedings or for Abstention, is granted in part and denied in part. The Court will not convert the motion to dismiss to a motion for summary judgment, and will thus not consider the two affidavits attached to the motion in deciding the motion to dismiss; the Court will consider the affidavits, if appropriate, on the other aspects of the motion, such as the request for a stay and for abstention. The Court will not dismiss the case under the Rooker-Feldman doctrine. The Court will dismiss all claims for the time and actions after the Receiver was appointed, but will leave the claims for the acts and omissions before the Receiver was appointed. Count 6 was dismissed without prejudice against these three Defendants by the Plaintiff. Count 11 is dismissed without prejudice to Friedlander amending the Complaint against the three moving Defendants. This case is stayed until November 26, 2007.

_____
UNITED STATES DISTRICT JUDGE

Parties and Counsel:

Martin S. Friedlander
Los Angeles, California

    *Plaintiff Pro Se*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Richard P. Cook,*
> *Sarco Construction Company, and*
> *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

> *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Comeau, Maldegen,*
> *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office ▲ Briggs F. Cheney
Albuquerque, New Mexico

> *Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

> *Attorney for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar III
Aldridge, Grammar, Jeffrey & Hammer, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants Phase One Realty, Inc.,*
> *Ernest "Ernie" Romero, and W. James Metheny*