IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER, individually and
as assignee of the Successor Trustee of the Legal
Defense and Maintenance Trust of California,
A Citizen of California; and as an Express
Third Party Beneficiary of the Legal Defense and
Maintenance Trust of California; the
Successor in Interest to all the Claims, Assets,
Rights and Causes of Action Herein Asserted on
Behalf of Santa Fe Business Park LLC,
Summit Floormart LLC, Summit Valdes Business
Park LLC, Summit Investment Company LLC,
Summit Business Center LLC, El Llano Summit
Caja Del Rio LLC, and Jeffrey W. Patter,

        Plaintiffs,

v.                                                        No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; JOHN PATTERSON; ROBERT
ENGEL; VERN BOWERS; SONNY OTERO DBA
OTERO CONSTRUCTION COMPANY; PHASE
ONE REALTY; ERNEST ("ERNIE ROMERO");
W. JAMES METHANY; AND SARCO
CONSTRUCTION COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Continuance to Conduct Discover[y] concerning the Receiver's Motion, filed February 5, 2007 (Doc. 38). The Court held a hearing on the motion on September 25, 2007. The primary issue is whether the Court should defer ruling on the Motion by Defendants Phase One Realty, Inc., Ernest ("Ernie") Romero, and W. James Metheny to Dismiss, or in the Alternative, for a Stay of Proceedings or for

Abstention, (Doc. 13), until Plaintiff Martin S. Friedlander can conduct discovery regarding the issues related to the motion to dismiss.  Because the Court did not convert the Receiver's motion to dismiss to a motion for summary judgment, and because the Court did not consider the affidavits attached to the Receiver's motion to dismiss in ruling on the motion to dismiss, the Court concludes that Friedlander does not need discovery before it rules on the Receiver's motion.

The Court intends to allow discovery by all parties after it allows some time for the Bankruptcy Court in the Potter bankruptcy to resolve certain issues that may impact on Friedlander's standing to bring any claims in this case.  The Court will review the situation at a telephone conference set for November 26, 2007.  No one, including Friedlander, has indicated a need or desire to conduct any discovery before that date.

**IT IS ORDERED** that the Plaintiff's Motion for Continuance to Conduct Discover[y] Concerning the Receiver's Motion is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Martin S. Friedlander
Los Angeles, California

 *Plaintiff Pro Se*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendants Richard P. Cook,*
 *Sarco Construction Company, and*
 *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

    *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Comeau, Maldegen,*
    *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Sheehan Sheehan & Stelzner
Albuquerque, New Mexico

    *Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorney for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar III
Aldridge, Grammar, Jeffrey & Hammer, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Phase One Realty, Inc.,*
    *Ernest "Ernie" Romero, and W. James Metheny*