IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER, individually and
as assignee of the Successor Trustee of the Legal
Defense and Maintenance Trust of California,
A Citizen of California; and as an Express
Third Party Beneficiary of the Legal Defense and
Maintenance Trust of California; the
Successor in Interest to all the Claims, Assets,
Rights and Causes of Action Herein Asserted on
Behalf of Santa Fe Business Park LLC,
Summit Floormart LLC, Summit Valdes Business
Park LLC, Summit Investment Company LLC,
Summit Business Center LLC, El Llano Summit
Caja Del Rio LLC, and Jeffrey W. Patter,

       Plaintiffs,

v.                                                                                          No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; JOHN PATTERSON; ROBERT
ENGEL; VERN BOWERS; SONNY OTERO DBA
OTERO CONSTRUCTION COMPANY; PHASE
ONE REALTY; ERNEST ("ERNIE ROMERO");
W. JAMES METHANY; AND SARCO
CONSTRUCTION COMPANY,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants Sarco Construction Co., El Llano Company, Inc. and Richard Cook's Joint Motion to Dismiss the Complaint, filed January 17, 2007 (Doc. 26). The Court held a hearing on the motion on September 25, 2007. The primary issues are: (i) whether the Court should abstain from considering the claims asserted in the Complaint against these Defendants because the claims arise out of the same transaction as a state court action, El

Llano Company, Inc., et al., v. Summit Investment Co., et al., No. D-0117-CV-2003-00057; (ii) whether, if abstention is appropriate, the Court should dismiss the case against these three Defendants, stay the entire case, or stay only the case as against these three Defendants; and (iii) whether the applicable statute of limitations bars all of Martin S. Friedlander's claims, with the exception of the written contract claim against El Llano and Cook.  Because the state case of El Llano Company, Inc. v. Summit Investment Co. remains pending in state court, and because that case may determine many of the issues involving Friedlander and these three Defendants, the Court will abstain from deciding the claims against these three Defendants and stay the case against them.

Under the abstention doctrine that the Supreme Court of the United States set forth in Younger v. Harris, 401 U.S. 37 (1971), a federal court must abstain from hearing an action if three conditions are met: (i) there is an ongoing state proceeding; (ii) the state court provides an adequate forum to hear the claims raised in the subsequent federal complaint; and (iii) the state proceedings involve important state interests or matters which traditionally look to state law for their resolution, or implicate separately articulated state policies.  See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  Id. It also appears that the Court must make the determination in a multiparty case, whether the Younger bar applies to individual parties and individual claims, or all parties and all claims.  In D.L. v. Unified Sch. District No. 497, 392 F.3d 1223 (10th Cir. 2004), the Tenth Circuit stated:

> The parties are not identical in the state and federal lawsuits. In state court the District is plaintiff, and Mother and P.P. are defendants. In federal court Mother and P.P. are joined as plaintiffs by J.L. and the Estate of R.L., who are not parties in the state case. Likewise, the District is not the only defendant; an additional defendant is Dr. Eicher, who is not a party in the District's state suit to recover the cost of the

-2-

> children's education. Consequently, we must decide whether Younger bars the claims of J.L. and the Estate of R.L. against either defendant, and bars the claims of all plaintiffs against Dr. Eicher, even though J.L., the Estate of R.L., and Dr. Eicher are not parties in the state case. As we proceed to explain, we hold that the Younger bar does extend to these claims.

392 F.3d at 1230. See Doran v. Salem Inn, Inc., 422 U.S. 922, 924 (1975)(holding that Younger barred the claim of one plaintiff, but not the other two plaintiffs).

While repackaged, the claims that Friedlander asserts in his Complaint arise out of the same transaction as that issue in El Llano Company, Inc., et al. v. Summit Investment Co. et al., which was litigated for over two years until Potter filed a bankruptcy case. In that lawsuit, the state court entered orders on March 1, 2005 and April 19, 2005, dismissing all claims against the defendants in that case with prejudice. That lawsuit is not final, because there are still affirmative claims by Sarco, El Llano, and Cook pending. The state court proceeding is also stayed pending the Potter bankruptcy proceedings. If the state case becomes final at some point, the state court's proceedings may be res judicata or collateral estoppel on certain claims or issues in this case. In any case, the first Younger factor is met.

All of the current claims are based on real property in New Mexico, and involve the rights and duties of members of New Mexico business entities. New Mexico state courts, both the trial and appellate, are adequate forums to resolve matters of common and statutory law. The second Younger abstention factor is also satisfied.

Finally, all of Friedlander's complaints in this lawsuit relate either to the Cook-Potter business disagreements, which were litigated or are being litigated in the state court lawsuit, or to how the district court ruled/handled that litigation. Those claims involve real property, the resolution of New Mexico business entity rights and duties, and traditional and paramount state interests. There is little or no significant federal interest in this case. The final Younger requirement

is met.

While these three Defendants urge the Court to dismiss the case, the Court does not believe that is necessary at this stage. The United States Court of Appeals for the Tenth Circuit has stated that "the better practice is to stay the federal action pending the outcome of the state proceedings." Robinson v. Mo. Pac. R. Co., 16 F.3d 1079, 1083 (10th Cir. 1994). "The rationale for Younger abstention can be satisfied, however, by just staying proceedings on the federal damage claim until the state proceeding is final." D.L. v. Unified Sch. District No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004). There may come a time when dismissal becomes appropriate, but there may be some claims here that are not at issue in the state case. After the bankruptcy court rules, the stay in the state case lifted, and the state court finalized, it may be appropriate to revisit whether the case against these three Defendants should proceed at all.

The three moving Defendants also contend that the Court should dismiss the claims against them because of the Rooker-Feldman doctrine. Because the state case remains pending, and there is no final judgment, dismissal under Rooker-Feldman would not be appropriate. The dismissal orders in the state case remain interlocutory, and given that the Court is abstaining at the present time, there is no chance that the federal court is going to improperly review the state court's orders.

Because the Court will stay the case pending resolution of the state case, there is no reason for the Court to reach the statute of limitations issue. If, for some reason, the stay is lifted, and it is necessary for the Court to address the limitations issue, the moving Defendants may bring this issue back to the attention of the Court. Accordingly, the Court will deny the motion to dismiss on the basis of statute of limitations without prejudice to these Defendants raising this defense again if necessary and appropriate.

**IT IS ORDERED** that Defendants Sarco Construction Company, El Llano Company, Inc.

and Richard Cook's Joint Motion to Dismiss the Complaint is granted in part and denied in part. The Court will stay the case against these three Defendants under the <u>Younger</u> abstention doctrine. The Court will deny the motion to dismiss the claims on statute of limitations grounds without prejudice to the moving Defendants, raising this issue again if necessary and appropriate.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Martin S. Friedlander
Los Angeles, California

 *Plaintiff Pro Se*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendants Richard P. Cook,*
 *Sarco Construction Company, and*
 *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

 *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants Comeau, Maldegen,*
>   *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office ▲ Briggs F. Cheney
Albuquerque, New Mexico

>   *Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

>   *Attorney for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar III
Aldridge, Grammar, Jeffrey & Hammer, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendants Phase One Realty, Inc.,*
>   *Ernest "Ernie" Romero, and W. James Metheny*