# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER, individually and
as assignee of the Successor Trustee of the Legal
Defense and Maintenance Trust of California,
A Citizen of California; and as an Express
Third Party Beneficiary of the Legal Defense and
Maintenance Trust of California; the
Successor in Interest to all the Claims, Assets,
Rights and Causes of Action Herein Asserted on
Behalf of Santa Fe Business Park LLC,
Summit Floormart LLC, Summit Valdes Business
Park LLC, Summit Investment Company LLC,
Summit Business Center LLC, El Llano Summit
Caja Del Rio LLC, and Jeffrey W. Patter,

        Plaintiffs,

v.                                                            No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; JOHN PATTERSON; ROBERT
ENGEL; VERN BOWERS; SONNY OTERO DBA
OTERO CONSTRUCTION COMPANY; PHASE
ONE REALTY; ERNEST ("ERNIE ROMERO");
W. JAMES METHANY; AND SARCO
CONSTRUCTION COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss, Motion to Strike

Scandalous and Impertinent Allegations and Request for Sanctions, filed January 17, 2007 (Doc.

29)("Motion to Dismiss").  The Court held a hearing on the motion on September 25, 2007.  The

primary issues are: (i) whether the Court should dismiss Plaintiff Martin S. Friedlander's Complaint

for failure to comply with D.N.M. LR-Civ. 83.7; (ii) whether the Court should enter rule 11 sanctions against Plaintiff Martin S. Friedlander; (iii) whether the Court should strike the Complaint because it contains allegedly scandalous and impertinent allegations; and (iv) whether the Court should dismiss the abuse-of-process claim against Defendants Comeau, Maldegan, Templeman & Indall, LLP, Grey Handy, and Paula Cook for failure to establish lack of probable cause in the underlying action.  For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will grant the motion in part and deny the motion in part.  The Court will allow Friedlander to proceed pro se.  The Court will also deny the motion for rule 11 sanctions for failure to comply with the rule's safe harbor provision.  The Court will further deny the motion to strike, because the Complaint does not contain scandalous or impertinent allegations against the movants.  Because the state court proceeding remains pending, and because the Court believes that New Mexico law allows a plaintiff to establish the misuse of process element by means other than by showing lack of probable cause, the Court will grant the motion to dismiss the malicious-abuse-of-process claim to the extent it seeks to establish misuse of process by showing lack of probable cause, but will deny the motion to the extent it seeks dismissal of the entire abuse-of-process claim, including any claim based on procedural improprieties.

## ANALYSIS

The Court will allow Friedlander to continue to prosecute his claims pro se as long as he prosecutes the claims in his individual capacity as assignee of the claims.  And because the moving Defendants did not follow the requirements for rule 11, the Court will not impose any sanctions.  And while the Court acknowledges the difficulty of working with Friedlander's lengthy Complaint, the Court will not strike any portion of it.  The Court will, however, dismiss the portions of the "abuse-

of-process" claim that Friedlander concedes he is not bringing.

      **1.**        **Pro Se.**

      The Court has carefully reviewed the thoughtful and thorough opinion of the Honorable Lorenzo Garcia, Chief United States Magistrate Judge, in <u>Friedlander v. Mountain States Indemnity, et al.</u>, CV 06-1026 JP/LFG (D.N.M. January 14, 2007).  <u>See</u> Memorandum Opinion and Order Recommending Dismissal Without Prejudice, filed January 4, 2007 (Doc. 14).  The Court agrees with almost all of Judge Garcia's analysis.  Friedlander cannot, even if he is a licensed attorney in California, represent a corporation or the trust.

      Friedlander contends, however, that he owns the claims which he is bringing as an assignee, and that he is proceeding as an individual, not as an attorney for the trust or the corporation.  The Court is cognizant that, by proceeding as an assignee of a trust or a corporation, Friedlander is prosecuting corporate claims, and that the issues involved will be the same as if brought by an entity.  Nevertheless, the Court must, at this early stage, take Friedlander's allegations and claims as he characterizes them.

      If Friedlander insists that he is proceeding only as an assignee, is acting only as an individual, and is not representing a corporation or the trust, he should be able to proceed pro se.  If the Court is going to impose the burdens of being an assignee, and strictly require him to make certain that the claims he is bringing are assignable and properly assigned, it should allow him to enjoy the benefits of being an individual assignee.  Fairness demands that, if Friedlander is willing to shoulder the burdens of being an individual assignee, he enjoy the benefits of being able to proceed pro se.  Accordingly, the Court will allow him to proceed pro se as long as he is proceeding as an assignee rather than as an attorney of the assignors, but will be vigilant to make certain that the claims he is

presenting are assignable and were properly assigned.

2.      **Rule 11 Sanctions.**

The three moving Defendants do not set forth that they complied with rule 11's safe harbor provisions.  The Court has, in prior cases, required strict compliance with the rule's requirements. "Congress amended rule 11  in 1993 to provide a 'safe harbor' period, which requires the party seeking rule 11 sanctions to wait twenty-one days from service before filing the motion with the court, allowing the filing party opportunity to withdraw or correct the challenged paper." See Negrete v. Maloof Distributing L.L.C., 2006 WL 4061178, *8 (D.N.M..Oct. 17, 2006)(Browning, J.); Fed.R.Civ.P. 11(c)(1)(A). Rule 11 also provides that a motion for sanctions must be made separately from other motions and requests. See id.  The Court raised its concern, at the September 25, 2007 hearing, that the moving Defendants had not complied with rule 11's safe harbor language. See Transcript of Hearing, at 88:23-25 (Court)("Tr.")[1].  The moving Defendants did not dispute the Court's observation, did not indicate to the Court that they had complied with the safe harbor language, and did not state such compliance in their motion.  See Motion to Dismiss.  Because the moving Defendants have not complied with the rule's requirements, the Court will deny the request for rule 11 sanctions.

The moving Defendants also seek to invoke the Court's inherent ability to control the conduct of the attorneys and litigants who appear before it.  See Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991).  While Friedlander's Complaint and legal theories are difficult to digest because of the pleading's length and number of defendants, Friedlander appears to have sufficiently investigated his

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

-4-

claims, is responding with research, and reflects the existing contours of the law in the preparation of his pleadings, motions, and responses. The Court believes that Friedlander is, for the most part, being creative in his litigation rather than proceeding frivolously, and the Court will not impose any sanctions against him at this stage of the proceedings.

    **3.**     <u>**Rule 12(f).**</u>

It is possible to reasonably read some of Friedlander's allegations as suggesting that he and his assignors have been unsuccessful in the ongoing state litigation because the state court, that has addressed at least some of these issues, was negligent or corrupt. <u>See</u> Complaint ¶ 9E, at 19-20 ("The Trial Judge should have caught the illegal takeover. Was this 'takeover' due to corruption or negligence? That is the question raised by this litigation."). On the other hand, the allegations do not accuse the state judge of the takeover and, therefore, the corruption. Fairly read, the allegations are not scandalous, but merely part of Friedlander's allegations against the Defendants, particularly the attorney Defendants.

For the Court to strike certain allegations against attorney Defendants and leave others on the basis that some are irrelevant insinuations is to drag the Court – at an early stage of the case – into making merits decisions that it is not, on the record before it, capable of properly making. For example, Friedlander alleges in his Complaint that the Defendants filed false affidavits and false complaints, corrupted a state court Receiver, and corrupted the New Mexico judiciary. <u>See</u> Complaint ¶ 74, at 51. Friedlander makes these allegations in the context of his "abuse-of-process" claim. The Court therefore cannot say these allegations are irrelevant. While allegations such as these no doubt degrade the Defendants' moral character and, perhaps, indirectly detract from the dignity of the state court, they are not irrelevant, and should stay. The Court will not, under the guise

of rule 12(f), start striking portions of Friedlander's complaint and leaving others.

**4.      Abuse-of-Process Claim.**

After completion of the briefing and after the voluntary dismissal of most claims, the moving Defendants and the Court must now consider only Count 10 for Abuse-of-Process. To succeed on a theory of malicious-abuse-of-process,[2] a claimant must plead and prove the following elements: "(1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages." DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶ 17, 953 P.2d at 283. "[T]he second element, misuse of process, can be satisfied in two ways: by a lack of probable cause to file a complaint or by 'some irregularity or impropriety suggesting extortion, delay or harassment.'" S. Farm Bureau Cas. Co. v. Hiner, 2005-NMCA-104, ¶ 7, 117 P.3d 960, 963 (quoting DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶¶ 22, 28, 953 P.2d at 285, 287). The Supreme Court of New Mexico has stated: "An unfavorable termination for the malicious-abuse-of-process plaintiff, meaning some form of recovery for the original-proceeding plaintiff, is 'conclusive evidence of the existence of probable cause.'" DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶ 23, 953 P.2d at 286. The Supreme Court of New Mexico, furthermore, has characterized a favorable outcome in the underlying litigation as an "absolute defense" to a malicious abuse-of-process claim that is designed to protect honest litigants against retaliatory claims. See id. at ¶ 25, 953 P.2d at 283; id. at ¶23, 953 P.2d at 286 ("An unfavorable termination for the malicious-abuse-of-

---

[2]The Supreme Court of New Mexico combined the two causes of action, abuse-of-process and malicious-prosecution, to create a single cause of action, malicious-abuse-of-process. See Devaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶ 17, 953 P.2d 277, 284.

process plaintiff, meaning some form of recovery for the original-proceeding plaintiff, is 'conclusive evidence of the existence of probable cause.". <u>See</u> <u>Fleetwood Retail Corp. v. LeDoux</u>, 2007-NMCA-047, ¶ 19, 164 P.3d 31, 37 (holding that the Court must look to the conflict as a whole in determining probable cause). The Supreme Court in <u>Fleetwood Retail Corp. v. LeDoux</u> stated:

> [W]e believe that a court's analysis of probable cause should be undertaken in a manner that will likely have the least chilling effect on a litigant's access to the courts. Accordingly, we conclude that probable cause relates to the complaint as a whole, and the original plaintiff need not show favorable termination of each individual claim to establish an effective defense to a subsequent suit for malicious abuse of process. It would be too inhibiting of the right to seek redress in court if plaintiffs had to win on every count or be subject to a malicious abuse of process claim for any count that was unsuccessful. <u>See</u>, <u>e.g.</u>, <u>Teefey v. Cleaves</u>, 73 S.W.3d 813, 817 (Mo. Ct. App. 2002)("Separate counts in an underlying petition do not support separate actions for malicious prosecution: To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones would invite a multitude of unwarranted litigation . . . ." (quoted authority omitted)).

<u>Fleetwood Retail Corp. v. LeDoux</u>, 2007-NMCA-047, ¶ 20, 164 P.2d at 36.

Friedlander has plead that the Defendants were successful in having Summit and Potter removed as managers of the LLCs, and were successful in having a state court Receiver appointed. <u>See</u> Complaint ¶ 74, at 51. The moving Defendants contend that, by this statement alone, Friedlander has judicially admitted that the Defendants were successful in achieving affirmative relief in their initial complaint and that these results are an "absolute defense" to a malicious-abuse-of-process claim. <u>See</u> Motion to Dismiss ¶ E, at 14. The moving Defendants contend that, because of this allegation, Friedlander has affirmatively pled himself out of court on this claim, and that the Court should dismiss his claim with prejudice. <u>See</u> <u>id.</u>

Under the unusual posture of this tangled litigation, the Court disagrees with the movants' argument. The state court proceedings are stayed because of the bankruptcy proceedings, and thus

the state court has not entered a final judgment.  While the Defendants, therefore, have enjoyed

success in the state court, the orders remain interlocutory and the case stayed.  Arguably, there has

not yet been successful termination in the state case, and thus there is not a defense at  this time for

the moving Defendants.

Under New Mexico law, Potter and Summit could have brought the abuse-of-process claim

in the state case as a counterclaim, but, now through Friedlander, the claim has been brought in a

separate action.[3]  Thus, if Potter and Summit had brought the claim in the state action, they would

not have had to plead, at the very beginning, success or lack of the Defendants' success.  Indeed, all

that the Supreme Court of New Mexico held that needs to be pled for the second element is "an act

by the defendant in the use of process other than such as would be proper in the regular prosecution

of the claim," see DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶ 17, 953 P.2d at 283.  See

Fleetwood Retail Corp. v LeDoux, 2007-NMSC-047, ¶ 14, 164 P.2d at 35 ("[I]n DeVaney, we

decided that prior favorable termination is not an element of the malicious abuse of process tort, as

it was for the former tort of malicious prosecution."); DeVaney v. Thriftway Mktg. Corp., 1998-

NMSC-001, ¶ 23, 953 P.2d at 286 ("We now conclude that favorable termination is not an element

of an action for malicious abuse of process but rather that an unfavorable termination has significance

in demonstrating the existence of probable cause."). Because it is not necessary to prove successful

---

[3]The Court notes that, in Devaney v. Thriftway Marketing Corporation, the Supreme Court of New Mexico held that a malicious-abuse-of-process plaintiff alleging a lack of probable cause before termination of the underlying claim, for example by counterclaim in the original proceeding, must demonstrate the lack of probable cause by clear-and-convincing evidence. See 1998-NMSC-001, ¶ 25, 953 P.2d at 283.  The recent Supreme Court of New Mexico case Fleetwood Retail Corporation v. LeDoux, 2007-NMSC-047, 164 P.3d 31, abrogated this heightened burden of proof stating, "[I]t is apparent that there is no real reason for the heightened burden of proof established in Devaney." 2007-NMSC-047, ¶ 30, 164 P.3d at 39.

termination to succeed on a malicious-abuse-of process claim, <u>see</u> <u>id.</u>, and because Potter and Summit cannot yet prove a successful termination in state court, the Court does not believe that it should dismiss the abuse-of-process claim based on the movants' argument.

There is another problem with dismissal of Friedlander's abuse-of-process claim at this stage of proceedings.  Not all malicious abuse-of-process claims are the same, and even though the New Mexico courts have merged the two torts of malicious prosecution and abuse of process to create a single cause of action, distinctions between the torts still make themselves apparent and have to be dealt with.  <u>See</u> <u>Devaney v. Thriftway Mktg. Corp.</u>, 1998-NMSC-001, ¶ 18, 953 P.2d at 284.

> While we believe malicious prosecution and abuse of process should no longer be separate causes of action, we recognize that many of the traditional elements of both torts continue to serve important purposes.  Specifically, the traditional elements of a lack of probable cause under the former tort of malicious prosecution and of an act not proper in the regular prosecution of a claim under the former tort of abuse of process serve to protect the important interest of access to the courts, thereby preventing any chilling effect on the legitimate use of process.

<u>Id.</u>  The Supreme Court of New Mexico set out the required elements of both former torts:

> [I]n New Mexico abuse of process has required: (1) the existence of an ulterior motive; (2) an act using process other than that which would be proper in the regular prosecution of the charge; and (3) damages.  Abuse of process has required that the defendant's primary motive was to accomplish an illegitimate end by an overt act designed to effect such end.

<u>DeVaney v. Thriftway Mktg. Corp.</u>, 1998-NMSC-001, ¶ 11, 953 P.2d at 281-82.  The Supreme Court went on to say: "[B]y contrast, in order to maintain an action for the malicious institution of a civil proceeding,  a plaintiff has had the burden of establishing, (1) the institution of civil proceedings by the defendant; (2) malice; (3) a lack of probable cause; (4) termination of such proceedings in plaintiff's favor; and, (5) damages."  <u>Id.</u> at ¶ 11, 953 P.2d at 282.

In <u>DeVaney v. Thriftway Marketing Corp.</u>, the Supreme Court stated that "[t]here are two

independent means of demonstrating a misuse of process." 1998-NMSC-001, ¶ 21, 953 P.2d at 284.

One is establishing lack of probable cause for the action that the defendant filed against the plaintiff,

but  the other is showing procedural improprieties.  In Fleetwood Retail Corporation v. LeDoux, the

Supreme Court of New Mexico discussed malicious abuse-of-process claims based on procedural

impropriety, and distinguished such claims from claims based on lack of probable cause.  See 2007-

NMSC-047,  ¶ 16, 164 P.3d at 36.  The Supreme Court stated:

> The procedural impropriety theory of misuse of process retains the broader
> dimensions of the former tort of abuse of process, which recognized that 'even in
> meritorious cases the legal process may be abused.' Unlike lack of probable cause, the
> existence of a procedural impropriety does not depend on the outcome of the
> underlying suit, and a verdict in favor of the original plaintiff is not dispositive of the
> procedural impropriety issue.  Complaints that assert a multitude of unfounded claims
> brought in bad faith and for the purpose of harassing a defendant, even though
> coupled with a valid claim, can constitute a procedural impropriety that will support
> a malicious abuse of process claim.  Thus, in answer to the certified questions,
> recovery by the original plaintiff is not an absolute defense to a malicious abuse of
> process claim founded on a procedural impropriety.

Fleetwood Retail Corp. v. LeDoux, 2007-NMSC-047 ¶ 22, 164 P.3d at 38 (internal quotation marks

and citation omitted).  See DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001 ¶ 20, 953 P.2d at

285 ("An improper act, or misuse of process, need not occur subsequent to the filing of a complaint

and might, in fact, be found in the complaint itself . . ."); id. at ¶ 21, 164 P.3d at 286 ("In order to

satisfy the misuse of process requirement, then, we conclude that there must be an overt act that is

irregular or improper in the normal course of proceedings.").

At the hearing, Friedlander maintained that he was not suing for malicious prosecution or for

a malicious institution of a civil proceeding, as the Supreme Court of New Mexico defined these

former torts  in Devaney v. Thriftway Marketing Corporation, because he conceded that there had

not been a favorable termination in the state court case.  See Tr. at 63:4-8 (Friedlander).  Friedlander

-10-

pointed out that, indeed,  there had not been any termination at all upon which he could infer a lack

of probable cause.  See id.  Friedlander agreed that he could not state a cause of action for the former

tort of malicious institution of a civil action.  See id.

Friedlander maintains that he is suing for what was formerly characterized as an abuse of

process: The Defendants deliberately misaligned the parties; one of the Defendants improperly sued

derivatively; and the Defendants improperly imposed a trust.  See id. at 63:22-25.  He contends that

the Defendants' actions are extraneous to the lawsuit.  See id. at 66:24-25, 67:1-2.  The moving

Defendants contend that much of what Friedlander is bringing in this case should have been asserted

as compulsory counterclaims in the state case.

The Court need not decide on this motion whether Friedlander can divide up his claims the

way that he proposes, whether his claims are compulsory counterclaims in the pending state court

case, or whether res judicata and/or collateral estoppel may bar relitigation of certain claims or issues

here.  Friedlander will have to live with the claims that he has inherited, and he recognizes the state

court may limit his claims.  But until the state court decision  is final, it is very difficult for this Court

to know what it has decided or resolved.[4]  See S. Farm Bureau Cas. Co. v. Hiner, 2005-NMCA-104,

¶ 21, 117 P.3d at 966 (dealing with an argument, relying on Devaney v. Thriftway Mktg. Corp.,

stating that, even if defendant was able to establish probable cause to file his complaint, factual issues

---

[4]While the Court acknowledges that abuse of process and malicious prosecution are no longer
separate causes of action, but rather a single cause of action known as "malicious abuse of process,"
it will acknowledge Friedlander's various claim categorizations for the purpose of eliminating
portions of his abuse-of-process claim that Friedlander concedes he is not bringing against the moving
Defendants.  While abuse of process and malicious prosecution are now combined into one cause of
action, The Supreme Court of New Mexico recognized has "that many of the traditional elements of
both torts continue to serve important purposes"; therefore, the Court believes it proper to take some
of the distinctions into consideration. Devaney v. Thriftway Mktg. Corp.,1998-NMSC-001, ¶ 18, 953
P.2d at 284.

remained regarding procedural improprieties or misuse of the process that precluded summary judgment)(citing <u>DeVaney v. Thriftway Mktg. Corp.</u>, 1998 NMSC-001, ¶¶ 21, 28, 593 P.2d at 285, 287). The Court will allow, what Friedlander characterizes as the traditional abuse-of-process portion of his malicious-abuse-of-process claim to proceed at least until the state case is resolved or until the record before the Court is clearer.  Because Friedlander, however, has conceded that he is not bringing a claim for malicious institution of civil proceedings, a traditional malicious prosecution claim, or "lack-of-probable-cause" malicious abuse-of-process claim, the Court will dismiss the abuse-of-process claim to the extent the Complaint can be read to allege such a claim.

**IT IS ORDERED** that the Motion to Dismiss, Motion to Strike Scandalous and Impertinent Allegations and Request for Sanctions is granted in part and denied in part.  The Court will allow the Plaintiff to proceed pro se as long as he does not attempt to represent a corporation or trust, and represents only himself as an assignee of claims, and will thus not dismiss his Complaint for failure to retain an attorney.  The Court will also deny the motion for rule 11 sanctions and the motion to strike. The Court will grant the motion to dismiss the malicious-prosecution, malicious-institution-of-a-civil-proceeding, and lack-of-probable-cause portion of Plaintiff's abuse-of-process claim, to the extent that it depends on establishing misuse of process by showing lack of probable cause based on successful or unsuccessful termination; the motion to dismiss the abuse-of-process claim, including the procedural improprieties portion, is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

-12-

Parties and Counsel:

Martin S. Friedlander
Los Angeles, California

     *Plaintiff Pro Se*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants Richard P. Cook,*
     *Sarco Construction Company, and*
     *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

     *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants Comeau, Maldegen,*
     *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office ▲ Briggs F. Cheney
Albuquerque, New Mexico

     *Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

     *Attorney for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar III
Aldridge, Grammar, Jeffrey & Hammer, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Phase One Realty, Inc.,*
    *Ernest "Ernie" Romero, and W. James Metheny*