IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER Individually As Assignee
Of The Successor Trustee of the Legal Defense And
Maintenance Trust of California, a citizen of California;
And As an Express Third Party Beneficiary of the
Legal Defense and Maintenance Trust of California,
The Successor in Interest to All the Claims, Assets, Rights
and Causes of Action Herein Asserted On Behalf of
Santa Fe Business Park, LLC, Summit Floormart, LLC,
Summit Valdes Business Park, LLC, Summit Investment
Company, LLC, Summit Business Center, LLC, El Llano
Sumit Caja Del Rio, LLC, and Jeffrey W. Potter,
and YVETTE J. GONZALES, Trustee of the Bankruptcy Estate
of Jeffrey Potter,

    Plaintiffs,

vs.                                                                                                                                                                 No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY;
PAULA A. COOK; VERN BOWERS; JOHN PATTERSON;
ROBERT ENGEL; SONNY OTERO DBA OTERO
CONSTRUCTION COMPANY; PHASE ONE REALTY;
ERNEST ("ERNIE ROMERO") AND W. JAMES METHANY;
AND SARCO CONSTRUCTION COMPANY,

    Defendants.

**ORDER**

    **THIS MATTER** comes before the Court on: (i) the Plaintiff's Objection to Proposed Dismissal of Case, filed March 18, 2009 (Doc. 149)("Objection"); and (ii) the Notice of Position in Behalf of Defendant Sonny Otero, filed March 19, 2009 (Doc. 150)("Notice"). The Court does not believe that a hearing is necessary on these matters. The primary issue is whether the Court should dismiss the causes of action in this case, with prejudice, as to former Plaintiff Martin S.

Friedlander, but not dismiss them as to the Chapter 7 Trustee Yvette J. Gonzales, who has been substituted for Friedlander as Plaintiff in this case.  Because no one, including Friedlander, objects to dismissing the causes of action as to Friedlander with prejudice, the Court will dismiss Friedlander's claims with prejudice as to Friedlander.  Because Gonzales objects to having her claims dismissed without prejudice and because the implication that the Court intended to dismiss the claims as to Gonzales was the result of imprecise wording on the Court's part in its March 5, 2009 Order (Doc. 145), the Court will sustain Gonzales' objection.

Friedlander filed a Notice of No Further Prosecution of This Case Due to Present Lack of Standing on October 19, 2008.  See Doc. 141.  The Court held a hearing on November 5, 2008, at which it indicated that it would enter an order construing Friedlander's notice as requesting dismissal of his claims.  On March 5, 2009, the Court entered an Order informing the parties that it would treat Friedlander's notice as a request for dismissal under rule 41(a)(2) of the Federal Rules of Civil Procedure.  See Doc. 148 at 4.  The Court also stated that it would "consider the terms on which dismissal should occur, i.e., with prejudice as to Friedlander but without prejudice as to Trustee Yvonne Gonzales, or without prejudice to both Friedlander and Gonzales."  Id.  Friedlander was given fourteen days to object to dismissal with prejudice as to him.  March 19, 2009 was thus his final day to file objections.  Friedlander has filed no objections.

Gonzales, however, lodged an objection.  She objects to dismissal of the action as to her, stating that dismissal would prejudice her because of the applicable statutes of limitations on some of the claims Friedlander had asserted in his Complaint.  See Objection ¶ 6, at 2-3.  Defendant Sonny Otero also filed a notice, indicating that he did not oppose dismissal with prejudice as to Friedlander, provided he reserves all rights and defenses he might assert against Gonzales' claims. See Notice at 1.

The Court could probably have found a better phrase than "without prejudice as to the Trustee." March 5, 2009 Order at 4. The Court's intent, which it believes everyone who attended the November 5, 2008 hearing shared, was that the bankruptcy estate's claims, which Friedlander was asserting, would be dismissed as to Friedlander being allowed to bring the claims. The Court did not and does not intend to, at this stage, dismiss the claims themselves, which belong to the estate. The Court intended to allow Gonzales, as the new Plaintiff and Chapter 7 Trustee, to assert them. Because the Court's earlier wording was unclear, the Court will sustain Gonzales' objection. Friedlander has not objected to dismissal of the claims with prejudice as to him, no one else has objected to such an approach, and the Court believes that dismissal with prejudice would be appropriate. The Court will therefore dismiss the claims Friedlander has asserted with prejudice as to Friedlander. The Court will not dismiss the claims themselves, and Gonzales may continue to advance those claims.

**IT IS ORDERED** that the Plaintiff's Objection to Proposed Dismissal of Case is sustained. The Court will dismiss former Plaintiff Martin S. Friedlander's claims with prejudice as to him asserting them. The Court will not dismiss the claims themselves. Plaintiff and Chapter 7 Trustee Yvette J. Gonzales may continue to assert those claims.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Martin S. Friedlander
Los Angeles, California

    *Plaintiff Pro Se*

Daniel J. Behles
Cuddy Law Firm
Albuquerque, New Mexico

    *Attorneys for Plaintiff Martin S. Friedlander*

George Dave Giddens, Jr.
Law Office of George "Dave" Giddens, P.C.
Albuquerque, New Mexico

    *Attorneys for Plaintiff and Trustee Yvette Gonzales*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Richard P. Cook,*
      *Sarco Construction Company, and*
      *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

    *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Comeau, Maldegen,*
      *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office of Briggs F. Cheney
Albuquerque, New Mexico

    *Attorneys for Defendant John Patterson*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Sonny Otero d/b/a Otero Construction Company*

David A. Grammar, III
Aldridge, Grammar, Jeffrey & Hammar, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Phase One Realty, Inc.,*
     *Ernest "Ernie" Romero, and W. James Metheny*

John A. Bannerman
Bannerman & Williams, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Robert Engel*

Grey W. Handy
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

    *Attorneys for Defendants Grey W. Handy and Vern Bowers*