IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVETTE GONZALES, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF
JEFFREY W. POTTER AND ON BEHALF OF
SANTA FE BUSINESS PARK LLC, SUMMIT
FLOORMART LLC, SUMMIT VALDES
BUSINESS PARK, LLC, SUMMIT
INVESTMENT CENTER LLC, AND EL LLANO
SUMMIT CAJA DEL RIO LLC,

      Plaintiff,

vs.                                                                                                         No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY; PAULA
COOK; JOHN PATTERSON; ROBERT ENGEL; VERN BOWERS;
SONNY OTERO d/b/a OTERO CONSTRUCTION COMPANY;
PHASE ONE REALTY; ERNEST ("Ernie Romero"); W. JAMES
METHANY; and SARCO CONSTRUCTION COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Extend Time to Respond to Defendant Sonny Otero's Motion for Summary Judgment, filed July 21, 2009 (Doc. 165) ("Motion to Extend Time"). The Court held a hearing on March 1, 2010. The primary issue is whether the Court should grant Plaintiff Yvette Gonzales, Chapter 7 Trustee of the Bankruptcy Estate of Jeffery W. Potter, an extension of time for her to respond to Defendant Sonny Otero's motion for summary judgment. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court denies the motion as moot.

On August 13, 2008, the Court dismissed all of Plaintiff Martin S. Friedlander's claims

against Otero, except for a claim for conspiracy. See Memorandum Opinion and Order, filed August 13, 2008 (Doc. 135).[1] On October 19, 2008, Friedlander notified the Court that he no longer had standing to prosecute the case. See Plaintiff's Notice of No Further Prosecution of this Case due to Present Lack of Standing, filed October 19, 2008 (Doc. 141). The notification did not seek dismissal of the claims asserted in this action. On December 17, 2008, Otero filed a motion for summary judgment on the remaining conspiracy claim asserted against him. See Motion at 1. In March of 2009, Gonzales filed a motion seeking permission to substitute as the plaintiff in this case. See Unopposed Motion to Substitute Trustee as the Party Plaintiff, filed March 2, 2009 (Doc. 146). On March 5, 2009, the Court granted Gonzales permission to be substituted in as the party Plaintiff in this action and to prosecute the claims brought in the action. See Stipulated Order to Substitute Trustee Yvette Gonzales as Party Plaintiff, filed March 5, 2009 (Doc. 147).

Gonzales filed her motion for an extension of time to respond to Otero's summary judgment motion on July 21, 2009. See Motion to Extend Time at 1. In her motion, Gonzales represents that Otero agreed to allow Gonzales additional time -- until July 22, 2009 -- within which to either respond to Otero's motion for summary judgment or to agree to dismiss Otero as a party from the case. See Motion to Extend Time ¶ 3, at 2. Gonzales argues that she is attempting to resolve the claim against Otero as expeditiously as possible and, to that end, she will abandon the claim. See Motion to Extend Time ¶¶ 4-6, at 2. She contends that additional time is required to provide notice to the Bankruptcy Court that she is abandoning the claim and to allow thirty days from the date the Bankruptcy Court approves the abandonment for Debtor Jeffery Potter to file any objection to the abandonment of the claim. See Motion to Extend Time ¶¶ 4-5, at 2. Further, if the Bankruptcy

---

[1] The Court did not rule on the conspiracy claim at that time because Otero did not address the claim in his motion to dismiss. See Memorandum Opinion and Order at 6 (Doc. 135).

Court denies the abandonment request, Gonzales argues that she will need an additional thirty days to conduct discovery, in order to respond to Otero's summary judgment motion.  See Motion to Extend Time ¶ 5, at 2.

On October 16, 2009, Gonzales filed a notice with the Court indicating that she has abandoned the remaining conspiracy claim made in the lawsuit against Otero.  See Notice to Court of Chapter 7 Trustee's Abandonment of Claims Against Sonny Otero and Request for Court to Take Judicial Notice Thereof, filed October 16, 2009 (Doc. 169)("Notice of Abandonment").  The notice indicated that the Abandonment Notice filed in bankruptcy court on July 21, 2009 became effective on August 11, 200[9].  See Notice of Abandonment ¶¶ 1-4, at 1-2.[2]

At the hearing, Dave Giddens, Gonzales' attorney, argued that Gonzales' Motion to Extend Time to Respond to Defendant Sonny Otero's Motion for Summary Judgment is moot, because Gonzales' claim against Otero has been abandoned and therefore she is no longer the party in interest on this claim.  See Transcript of Hearing at 3:4-17 (taken March 1, 2010)(Giddens)("Tr.").[3]  The Court asked Mr. Giddens and Jake E. Gallegos, Otero's attorney, whether there were any objections to the Court denying the motion as moot.  The parties both conceded that the motion is moot and should be denied.  See Tr. at 3:18-4:2 (Court, Giddens, Gallegos).

**IT IS ORDERED** that Plaintiff's Motion to Extend Time to Respond to Defendant Sonny Otero's Motion for Summary Judgment is denied as moot.

---

[2] The Notice of Abandonment states: "Pursuant to F.R. B.P. 6007, the abandonment of the aforesaid claim became effective on August 11, 2007."  Notice of Abandonment ¶ 4, at 2.  Rule 6007 of the Federal Rules of Bankruptcy Procedure allows fourteen days from the date the notice of abandonment was mailed for objections.  The Court, therefore, understands that Gonzales meant 2009 and not 2007.

[3] The citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may have slightly different page and/or line numbers.

 

                                        _____
                                        UNITED STATES DISTRICT JUDGE

*Counsel:*

George Dave Giddens, Jr.
Law Office of George "Dave" Giddens, P.C.
Albuquerque, New Mexico

    *Attorneys for Plaintiff and Trustee Yvette Gonzales*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Sonny Otero d/b/a Otero Construction Company*

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Richard P. Cook,*
      *Sarco Construction Company, and*
      *El Llano Company*

Briggs F. Cheney
Law Office of Briggs F. Cheney
Albuquerque, New Mexico

    *Attorneys for Defendant John Patterson*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

    *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Comeau, Maldegen,*
      *Templeman & Indall, LLP, Paula Cook, and Grey Handy*