## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

YVETTE GONZALES, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF
JEFFREY W. POTTER AND ON BEHALF OF
SANTA FE BUSINESS PARK LLC, SUMMIT
FLOORMART LLC, SUMMIT VALDES
BUSINESS PARK, LLC, SUMMIT
INVESTMENT CENTER LLC, AND EL LLANO
SUMMIT CAJA DEL RIO LLC,

       Plaintiff,

vs.                              No. CIV 06-1160 JB/DJS

RICHARD P. COOK; EL LLANO COMPANY, INC.;
VALLEY NATIONAL BANK; COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP; GRAY HANDY; PAULA
COOK; JOHN PATTERSON; ROBERT ENGEL; VERN BOWERS;
SONNY OTERO d/b/a OTERO CONSTRUCTION COMPANY;
PHASE ONE REALTY; ERNEST ("Ernie Romero"); W. JAMES
METHANY; and SARCO CONSTRUCTION COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Summary Judgment of

Defendant Sonny Otero, filed December 17, 2008 (Doc. 145). The Court held a hearing on March

1, 2010. The primary issue is whether the Court should grant Defendant Sonny Otero's motion for

summary judgment. For the reasons stated on the record, and for further reasons consistent with

those already stated, the Court will grant the motion for summary judgment without prejudice as to

Debtor Jeffrey Potter, to whom the remaining claim asserted against Otero belongs.

## PROCEDURAL HISTORY

On August 13, 2008, the Court dismissed all of Plaintiff Martin S. Friedlander's claims

against Otero, except for a claim for conspiracy.[1]  See Memorandum Opinion and Order, filed August 13, 2008 (Doc. 135).  On October 19, 2008, Friedlander notified the Court that he no longer had standing to prosecute the case.  See Plaintiff's Notice of No Further Prosecution of this Case due to Present Lack of Standing, filed October 19, 2008 (Doc. 141).  The notification did not seek dismissal of the claims asserted in this action.

On December 17, 2008, Otero filed a motion for summary judgment on the remaining conspiracy claim asserted against him.  See Motion at 1.  Otero argues that the allegations of conspiracy were made solely on Friedlander's speculation that Otero had knowledge of a coin-toss provision in the operating agreements between Defendant Richard Cook and Debtor Jeffrey Potter. See Motion at 2.  In his affidavit, Otero states that the central allegation against him in the First Amendment to Complaint that Friedlander filed on October 22, 2007 -- "Otero was complicit in this conspiracy" -- is untrue.  Affidavit of Sonny Otero ¶ 3, at 1 (executed December 3, 2008), filed December 17, 2008 (Doc. 145-2).  Otero states that he had a single conversation with Cook to view property for sale in the Valdes Business Park in Santa Fe, New Mexico and that Cook informed Otero that the property was in the hands of a court-appointed Receiver.  See Otero Aff. ¶ 3(b), at 2. Otero purchased seven of the business park lots through the Receiver, and the Santa Fe County District Court approved his purchase agreement.  See Otero Aff. ¶ 4, at 2; Order Approving Sales Contracts, Approving Payment of Outstanding Obligations and Ordering Property Conveyed Free of Mortgages or Liens, filed December 17, 2008 (Doc. 145-4).  Otero states that he received no information from Cook or any other source about an agreement between Cook and Potter.  See Otero Aff. ¶ 3(c).  Otero argues that Friedlander's information and belief recitation in the First Amendment

---

[1] The Court did not rule on the conspiracy claim at that time because Otero did not address the claim in his motion to dismiss.  See Memorandum Opinion and Order at 6 (Doc. 135).

to the Complaint creates no issue of fact and is only an unsupported allegation.  See Motion at 3.

In March 2009, Plaintiff Yvette Gonzales, the Chapter 7 trustee of the bankruptcy estate of Jeffrey Potter, filed a motion seeking permission to substitute as the party plaintiff in this case. See Unopposed Motion to Substitute Trustee as the Party Plaintiff, filed March 2, 2009 (Doc. 146). On March 5, 2009, the Court granted Gonzales permission to be substituted in as the party plaintiff and to prosecute the claims brought in this action.  See Stipulated Order to Substitute Trustee Yvette Gonzales as Party Plaintiff, filed March 5, 2009 (Doc. 147).  Through mutual agreement, Otero agreed to allow Gonzales extra time -- until July 22, 2009 -- to either respond to the motion for summary judgment or to agree to dismiss Otero as a party from this case.  Gonzales filed a motion for an extension of time to respond to Otero's summary judgment motion on July 21, 2009.  See Plaintiff's Motion to Extend Time to Respond to Defendant Sonny Otero's Motion for Summary Judgment, filed July 21, 2009 (Doc. 165).

On October 16, 2009, Gonzales filed a notice with the Court indicating that she has abandoned the remaining conspiracy claim made in the lawsuit against Otero.  See Notice to Court of Chapter 7 Trustee's Abandonment of Claims Against Sonny Otero and Request for Court to Take Judicial Notice Thereof, filed October 16, 2009 (Doc. 169)("Notice of Abandonment").  The notice indicated that the Abandonment Notice filed in Bankruptcy Court on July 21, 2009 became effective on August 11, 200[9].  See Notice of Abandonment ¶¶1-4, at 1-2.[2]  At the hearing, the parties agreed that, because Gonzales abandoned the remaining claim against Otero, Gonzales' motion to extend

---

[2] The Notice of Abandonment states: "Pursuant to F.R. B.P. 6007, the abandonment of the aforesaid claim became effective on August 11, 2007."  Notice of Abandonment ¶ 4, at 2.  Rule 6007 of the Federal Rules of Bankruptcy Procedure allows fourteen days from the date the notice of abandonment was mailed for objections.  The Court, therefore, understands that Gonzales meant 2009 and not 2007.

the time to respond to Otero's motion to dismiss was moot.  <u>See</u> Transcript of Hearing at 3:18-4:2 (taken March 1, 2010)("Tr.")(Court, Giddens, Gallegos).[3]  The Court denied the motion as moot on March 11, 2010.  <u>See</u> Memorandum Opinion and Order (Doc. 176).

During the hearing, Jake E. Gallegos, Otero's attorney, explained that, because Gonzales has abandoned the remaining conspiracy claim against Otero, he believes that, if a claim remains, it belongs to Potter, the debtor.  <u>See</u> Tr. at 4:21-25 (Gallegos).  Mr. Gallegos argues that Potter has done nothing since the notice of abandonment in October 2009 to respond to the motion for summary judgment or to take any other steps regarding the claim.  <u>See</u> Tr. at 4:23-5:2 (Gallegos).  Dave Giddens, Gonzales' attorney, argued that, once Gonzales abandoned the claim in the Bankruptcy Court, the claim reverted to whomever was the plaintiff at the time that Gonzales was appointed as trustee.  <u>See</u> Tr. at 5:9-14 (Giddens).

<u>**LAW REGARDING SUMMARY JUDGMENT**</u>

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted).  <u>See Celotex</u>

---

[3] The citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may have slightly different page and/or line numbers.

Corp. v. Catrett, 477 U.S. at 323.

Once the movant meets this burden, rule 56(e) requires the non-moving party to designate specific facts that would be admissible in evidence showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. at 324.  Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  Rule 56 further states that "[i]f the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party."  Fed. R. Civ. P. 56(e)(2). "It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation omitted); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980). "The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation."  Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 U.S. Dist. LEXIS 45838,  at * 1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross and Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 U.S. Dist. LEXIS 45838, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."   Anderson v. Liberty Lobby, Inc., 477 U.S. at 250.  The mere existence of a scintilla of evidence will not avoid summary judgment.  See Vitkus v. Beatrice Co., 11 F.3d at 1539.  There must be sufficient evidence on which the fact-finder could reasonably find for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251; Vitkus v. Beatrice Co., 11 F.3d 1539.  "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (internal citations omitted).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Otero moves the Court to grant summary judgment in his favor and dismiss Gonzales' sole remaining claim asserted against him: conspiracy.  Otero filed this motion in December 2008.  Ten months later, Gonzales abandoned the conspiracy claim in Bankruptcy Court, which the Bankruptcy Court approved and to which no objections were filed.  See 11 U.S.C. § 554(a)("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."); Wright v. Vanderbilt Mortg. & Fin. Inc., No. 7-09-10892 JR, 2009 Bankr. LEXIS 3564, at * (Bankr. D.N.M. Oct. 30, 2009)("Property of the estate remains property of the estate until otherwise administered or abandoned by the trustee.").  The debtor, as a party in interest, has fourteen days from the mailing of the Abandonment Notice to object to the abandonment.  See Fed. R. Bankr. P. 6007(a)   The time for objections to Gonzales'

Abandonment Notice in Bankruptcy Court has passed.  See Notice of Abandonment ¶ 5, at 2.  When Gonzales abandoned the conspiracy claim, Potter became the party in interest and the claim now belongs to him.  See VonGrabe v. Mecs, 332 B.R. 40, 43-44 (Bankr. M.D. Fla. 2005)(concluding that the Bankruptcy Court lacked jurisdiction over an adversary proceeding filed by the Chapter 7 debtor where the claims at issue reverted back to the debtor upon abandonment by the trustee and the asset was no longer part of the bankruptcy estate).

        The Court has considered Otero's motion, as well as the subsequent actions Gonzales has taken since the motion for summary judgment was filed, and finds that granting Otero's motion without prejudice to Potter and dismissing Otero from the case is the appropriate action.  Because Gonzales abandoned the claim, she did not file a written opposition to Otero's motion for summary judgment, and therefore, she is deemed to have consented to the Court granting the motion.  See D.N.M. LR-Civ. 7.1(b)("The failure of a party to file a serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

        The Court has independently reviewed Otero's motion for summary judgment and the evidence he has submitted in support of his motion.  Otero met his initial burden of showing that there is an absence of evidence to support the claim for conspiracy.  See Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d at 891.  Count Fourteen of the First Amendment to Complaint Pursuant to Order of Court Entered on September 30, 2007 Against Dismissed Defendants: (1) Sonny Otero d/b/a Otero Con[s]truction Company and; (2) Valley National Bank, filed October 22, 2007 (Doc. 80)("Amended Complaint") alleges that "Plaintiff is informed and believes and alleges that since the lawsuit and receivership papers were filed on [February 28, 2003], Otero had knowledge of the 'coin toss' provision in the operating agreements which precluded the filing of any lawsuit . . . ." Amended Complaint ¶ 6, at 5.  The Amended Complaint further alleges that "Otero, having full

knowledge of Cook's plans to defraud Potter, joined the conspiracy, and purchased the property from the Receiver for less that 'its fair market value' and then 'flipped' it to the State of New Mexico for a $4 million profit in a 28 month period of time." Amended Complaint ¶ 6, at 5-6.  In his affidavit, Otero attests that he received no information from Cook or any other source about a "coin toss" or about an operating agreement between Cook and Potter.  See Otero Affidavit ¶ 3(c) at 2.  He also attests that he had no knowledge then or knowledge now that Cook was doing something to defraud Potter.  See Otero Affidavit ¶ 3(c) at 2.

A non-moving party may not "rest on mere allegations or denials of his pleadings" to defeat summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 256.  See United States v. Kansas Gas and Elec. Co., 287 F.2d 601, 603 (10th Cir. 1961)("While the pleadings are to be construed liberally in favor of the party against whom the motion is granted, flimsy or transparent allegations in pleadings are insufficient to raise a factual issue.")(internal quotation omitted).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Here, the only sworn evidence is that Otero did not know about the coin-toss provision, or the original agreement between Cook and Potter.  The unsworn allegations in the Amended Complaint do not create a genuine issue of material fact for trial.  The Court finds that there is thus not sufficient evidence upon which a fact-finder could reasonably find that Otero was involved in a conspiracy as alleged in the Amended Complaint, and therefore a grant of summary judgment is appropriate.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251; Vitkus v. Beatrice Co., 11 F.3d at 1539.

At the hearing, Mr. Gallegos agreed that, because the named Plaintiff in this case, Gonzales, is no longer the party in interest to the claim against Otero, and because the party in interest, Potter,

has not made any indication that he seeks to move forward with the claim, nor did he object to the Abandonment Notice,  the Court should grant the motion for summary judgment and dismiss Otero from this case without prejudice to Potter.  <u>See</u> Tr. at 6:9-20 (Gallegos).  Mr. Giddens, on behalf of Gonzales, did not object to the Court proceeding as Otero suggests.  Because the Court finds that Otero has demonstrated that there is no genuine issue as to any material fact, and because both Otero and Gonzales agree that, in light of the abandonment of the conspiracy claim, summary judgment is proper, the Court will grant Otero's motion and dismiss him from this case.  The parties represent that, depending on the resolution of Potter's ongoing case in Bankruptcy Court, they are unsure whether he will substitute himself as the plaintiff in this case.  The Court, therefore, dismisses the conspiracy claim against Otero without prejudice as to Potter.

**IT IS ORDERED** that the Motion for Summary Judgment of Defendant Sonny Otero is granted without prejudice to Debtor Jeffrey Potter, and Defendant Sonny Otero is dismissed from this case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

George Dave Giddens, Jr.
Law Office of George "Dave" Giddens, P.C.
Albuquerque, New Mexico

    *Attorneys for Plaintiff and Trustee Yvette Gonzales*

J. E. Gallegos
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Sonny Otero d/b/a Otero Construction Company*

-9-

Paul Maestas
Wayne R. Suggett
Maestas & Suggett, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Richard P. Cook,*
   *Sarco Construction Company, and*
   *El Llano Company*

Eric M. Sommer
Sommer, Udall, Hardwick, Ahern & Hyatt, LLP
Santa Fe, New Mexico

  *Attorneys for Defendant Valley National Bank*

Jim Dines
Michael A. Gross
Steven J. Leibel
Dines & Gross, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Comeau, Maldegen,*
   *Templeman & Indall, LLP, Paula Cook, and Grey Handy*

Briggs F. Cheney
Law Office of Briggs F. Cheney
Albuquerque, New Mexico

  *Attorneys for Defendant John Patterson*